## The State v. J. Ridgley—S. F. Slatter, Surety.

A recognizance or bond, conditioned that the accused shall appear in court on a certain day to answer to the charge of having been " concerned in a row," &c., is void, as " being concerned in a row" is not, *per se,* an indictable offence.

Judgment cannot properly be rendered on a forfeited recognizance or bond, when a criminal prosecution will not lie for the offence alleged.

APPEAL from the First District Court of New Orleans, *Robertson,* J.

*Isaac E. Morse,* Attorney General, for the State. *J. Henderson, Jr.,* for defendants, appellants.

SPOFFORD, J. On the 26th December, 1843, judgment was rendered in the First District Court of New Orleans against *John Ridgley,* as principal, and *S. F. Slatter,* as surety, on a forfeited bond conditioned for the appearance of the former before the said court.

This judgment was not signed until the 22d of September, 1854.

Execution having issued against the surety without any notice of judgment, he took a rule on the District Attorney to show cause why the writ should not be quashed, for numerous irregularities in the proceedings patent upon the record. Upon a hearing, this rule was discharged, and *Slatter* has appealed both from the original judgment on the bond, and from the judgment dismissing the rule.

The bond is void upon its face. Its condition is, that *Ridgley* shall appear on a given day, before the Criminal Court of New Orleans, " to answer to the complaint brought against him for having been concerned in a row in the Orleans Ball-Room, within the jurisdiction of the said court."

"Being concerned in a row" is not, *per se,* an indictable offence.

Judgment cannot properly be rendered upon a forfeited recognizance or bond, when the accusation will not justify a criminal prosecution. *State* v. *Jones,* 3 An. 15. *State* v. *Wooten,* 4 An. 515.

It is therefore ordered, that the judgment against *S. F. Slatter,* surety, be reversed, and the writ of execution issued thereupon quashed. It is further ordered, that the State take nothing by its motion.